OTWAY v. SNARE & TRIEST CO.

. (Supreme Court, Appellate Division, Second Department.   April 16, 1915.)

1. MASTER AND SERVANT ⬮137—INJURY TO SERVANT—NEGLIGENCE OF SUPER-
   INTENDENT—ACTS CONSTITUTING.

   Where the superintendent in charge of the work so changed, without notice to an employé, the practice of dumping buckets filled with concrete as to increase their tendency to swing, and the employé was struck by an emptied bucket's sudden swing as it rose, the superintendent could be found guilty of negligence, for which the employer was liable.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 269, 270, 273, 274, 277, 278; Dec. Dig. ⬮137.] ·

2. MASTER AND SERVANT ⬮268—INJURY TO SERVANT—EXISTENCE OF RELA-
   TION—EVIDENCE.

   The jury, in determining whether defendant was plaintiff's employer, and so liable for an injury to plaintiff, could consider how plaintiff had been hired, the office buildings bearing defendant's business sign, and the initials cut in tools used by plaintiff.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 910; Dec. Dig. ⬮268.]

3. MASTER AND SERVANT ⬮252—INJURY TO SERVANT—EMPLOYERS' LIABILITY
   ACT—NOTICE—SUFFICIENCY.

   A notice by an employé sustaining a personal injury, addressed to the employer and three others, and served on the employer, is good as against the employer.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. ⬮252.]

4. DAMAGES ⬮132—PERSONAL INJURIES—EXCESSIVE DAMAGES.

   A verdict of $3,750 for serious and lasting injuries to a person's head, nose, and eyes, with resulting double vision, will not be disturbed as excessive.

   [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. ⬮132.]

Appeal from Trial Term, Queens County.

Action by Frank S. Otway against the Snare & Triest Company. From a judgment for plaintiff for $3,750 for personal injuries, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Hector M. Hitchings, of New York City, for appellant.
Wm. Edgar Weaver, of New York City, for respondent.

PER CURIAM.   [1] The negligence for which plaintiff recovered was that by a superintendent. The buckets in which the concrete was

---

⬮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

let down into the cofferdam dumped their contents upon being unlatched; but, as some of the concrete would adhere, it had been the practice to right and relatch the emptied bucket before hoisting it up. To save delay in the course of this work, the superintendent changed the practice so established, and had directed that the emptied bucket be forthwith hoisted unlatched. This increased its tendency to swing. Plaintiff, who was standing on the cross-bracing above the bucket, had not been told of this change, and was struck in the face by the bucket's sudden oscillation as it rose. The facts of this accident, standing uncontradicted, justified the jury in finding negligence.

[2] Whether the defendant corporation was plaintiff's employer in fact, instead of the Metropolitan Bridge & Construction Company, was an issue not to be determined solely by the papers introduced by the defense. The jury could consider how plaintiff had been hired, the office buildings bearing defendant's business sign, and the initials cut in the tools being used, as bearing on defendant's actual relation as an employer. The trial court rightly refused to set aside a verdict for plaintiff thus supported. McCherry v. Snare & Triest Co., 130 App. Div. 241, 114 N. Y. Supp. 674; Id., 198 N. Y. 532, 92 N. E. 1090; McKenna v. Snare & Triest Co., 147 App. Div. 855, 133 N. Y. Supp. 107; Summo v. Snare & Triest Co., 152 N. Y. Supp. 29, decided March 5, 1915.

[3] Neither was the notice of injury invalid because addressed to three corporations besides the defendant. The city of New York owned this bridge. It contracted for its erection with the Maryland Steel Company. When but six or seven days were left in which to give the statutory notice, plaintiff, for greater caution, addressed it to the Maryland Steel Company, the Snare & Triest Company, the Metropolitan Bridge & Construction Company, and to the city. It stated a "claim against you and each of you for money damages for personal injuries sustained by him on April 21, 1908, while in your employ at the new Blackwell's Island Bridge approach," etc. As the notice reached this defendant, who was duly named therein, and has now been found by the jury to be the employer in fact, and was served in time, it should not fail because of the precaution (which is not shown to have been to mislead) to include others whom, at the time, plaintiff supposed the proofs might possibly connect with the acts of this superintendent.

[4] We cannot hold that the verdict was excessive, in view of the evidence of the serious and lasting injuries to plaintiff's head, nose, and eyes, with resulting double vision, which testimony to such physical hurts stands uncontradicted.

After careful consideration of the other objections urged on behalf of the appellant, we find no sufficient ground to disturb the judgment.

The judgment and order are therefore affirmed on the law and on the facts, with costs.